Johnson, C. J.
The facts briefly stated are, that William Leggett and Richard McClelland as co-sureties of George P. Craig, on his bond as township treasurer, were compelled to pay some $300 each, to make good the default of their principal. Craig’s wife had executed to. McClelland an indemnity mortgage on her separate property, to save him harmless as a surety of her husband. This mortgage was for his sole and exclusive benefit. In order to do this, and as necessary to its legality, her husband joined in its execution. Subsequently to the payment by the co-suretie's, McClelland, in proceedings to foreclose, was reimbursed out of the proceed* of the sale of the wife’s lands thus mortgaged. The administrator of William Leggett now sues to recover one half the amount received from this indemnity. Both husband and wife are still living.
The common pleas decided that upon this state of fact, the plaintiff could not recover, and this judgment was on error to the district court affirmed.
It is now sought to reverse these judgments on the ground that this indemnity inures to the equal benefit of both sureties. This is resisted. Tt is claimed that the rule of equality of right to an indemnity fund applies only when it comes from the principal, and that as this mortgage was upon the separate property of the wife, and was given for the sole and exclusive benefit of defendant, it does not come within the general rule applicable where the indemnity is out of the estate of the principal.
Where a principal debtor indemnifies one or more sureties, his creditor may, in equity, be subrogated to the debtor’s right to the same to satisfy his claim after exhausting his legal remedies, so on the same principles of justice or natural equity, all the co-sureties are entitled to share equally in such indemnity. Each has an equal equity in the fund provided by the principal. This right to subrogation by the creditor, or con *626 tribution by co-sureties is not founded on contract, but grows out of the natural equity of the case. The property of the principal is bound for his debts. His obligation to his snreties are equal, therefore indemnity to one, coming from him, is indemnity for all. Oldham v. Broom, 28 Ohio State, 41; Dering v. Winchelsea, 1 Lead. Cas. in Eq. [103] and notes; Brandt on Suretyship, § 223 ; Gaster v. Waggoner, 26 Ohio St. 450.
This rule of equality is subject to be varied by agreement among the parties.
In Dering v. Earl of Winchelsea, 1 Lead. Cas. in Eq. [103], Lord Ch. Baron Eyre says : “ That contribution is bottomed and fixed on general principles of justice, and does not spring from contract, though contract ma/y qualify it.”
See notes to above case, p. 171, 4th edition.
An instance of such qualification is found in Moore v. Moore, 4 Hawkes (N. C.), 15 Am. Dec. 523, where one co-surety, in consideration of his becoming such, stipulated for and received, with the consent of his co-sureties, separate indemnity from the principal. It was held that the co-sureties could only share- in the surplus after such surety had been fully indemnified. Such indemnity was not in fraud of the rights of co-sureties.
The general rule, however, is as stated, and the reason on which it rests is, that one who takes indemnity from the principal is, in equity, a trustee for all who are equally bound.
As the taking of such indemnity from the principal lessens his ability to pay, it would be a fraud on his co-sureties to .allow him to convert it to his sole use in the absence of their consent. As trustee for his co-sureties, he is bound to such discreet and reasonable use of the securities as would be required from a trustee. Carpenter v. Kelley, 9 Ohio, 106.
So if the debtor give his surety indemnity the creditor may avail himself of it by subrogation, though in the first instance it was unknown to him. Hopewell v. Bank, 10 Leigh, 206, 221; McCullom v. Hinckley, 9 Vt. 143.
The creditor’s right of subrogation rests upon the same principle of natural equity as that of co-sureties to share in the indemnity. The property of the principal belongs to the *627 creditor, and he, after exhausting his remedy at law, may subject it in the hands of the surety to the satisfaction of his debt The holder of such indemnity, is a trustee for the creditor. So also is he a trustee for his co-sureties.
This indemnity was not furnished by the principal. It was the separate estate of his wife and not liable for his debts. The wife, for reasons satisfactory to herself, mortgaged her separate property for the sole and exclusive benefit of defendant. It was no fraud upon the creditor or the co-surety to indemnify one surety. As it was not the property of the principal, no trust arose, either in favor of the creditor or of the co-sureties, in the absence of any showing that the bond was accepted, or that the co-sureties signed on the faith of such indemnity.
The indemnity was to save McClelland harmless as surety. He has been fully reimbursed out of the wife’s separate estate, thus fulfilling the terms of the wife’s contract.
To compel him now to contribute one-half of this fund to the co-surety, would violate the contract she made. As she was under no obligation to pay the debt, and as her husband had no interest in the property liable to be taken to satisfy the claim, neither the creditor nor the co-sureties had any right, in equity, to treat defendant as trustee for them.
It is claimed however, that it was a joint mortgage of husband and wife, and conveyed his contingent estate by the curtesy, and to that extent, at least, was an indemnity by the principal.
It is enough to say, that under the existing statutes, the separate property of the wife belongs to, her, and with all its issues, rents and profits, is under her sole control, that the husband, during coverture, has no estate or interest in the same liable at law or in equity for his debts or to his incumbrance, and the only estate of curtesy left to him is as surviving husband in the real estate of which she died the owner.
As this land has been sold, during coverture, his curtesy expectant, if there be such a contingent estate, is gone, and at her death no right to curtesy would survive to her husband.
The statute relating to the acknowledgement of deeds and *628 other instruments, required he should join with his wife in the execution of this mortgage. It was a legal necessity that he should do so to make it a valid mortgage, but in so doing he furnished no part of the indemnity. The fund therefore did not arise even in part from the principal, and hence the general rule that when a principal indemnifies one surety it inures to the benefit of his co-sureties, does not apply.

Judgment affirmed.